# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES B. CROSBY,**

        **Plaintiff,**

**v.**                                   **Case No:  6:16-cv-277-Orl-40DAB**

**PAMELA JO BONDI, EUGENE A.
FELICIANI and DEBORAH NELSON,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**     **EMERGENCY PETITION FOR AN IMMEDIATE PERMANENT INJUNCTION, MOTION FOR THREE-JUDGE DISTRICT COURT, REQUEST TO ENJOIN STATE ACTIONS (Doc. 1), and MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS/AFFIDAVIT OF INDIGENCY (Doc. 2)**
>
> **FILED:**      **February 18, 2016**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be **DISMISSED** for lack of jurisdiction and lack of standing.

Plaintiff James B. Crosby has filed an Emergency Petition for an Immediate Permanent Injunction, Motion For Three-Judge District Court, Request To Enjoin State Actions (Doc. 1), arguing that he has "an overwhelming interest" in the criminal case of an unrelated individual, David Matthew Miller, filed in the Seminole County Court[1].  Because the Court is without jurisdiction

---

[1] Case No. 14-3826CFA.

over Crosby's Complaint, it is respectfully **RECOMMENDED** that that the Motion to Proceed *In Forma Pauperis* be **DENIED** and the Complaint be **DISMISSED**.

### *In Forma Pauperis* Standard

Crosby seeks to proceed in this action *in forma pauperis*.   Upon an affidavit of indigency, any court of the United States may authorize a party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a).   However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Plaintiff fails to allege a non-frivolous cause of action within the limited jurisdiction of the federal court.   28 U.S.C. § 1915(e).

To determine if a plaintiff should be permitted to proceed in forma pauperis, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991), (quoting *Watson v. Ault,* 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court.   *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).   In this case, the Court finds for the reasons set forth below that it does not have jurisdiction over Crosby's "Emergency Petition."

### Application

The basis of Crosby's "Emergency Petition" is his putative "overwhelming interest" in the criminal case of David Matthew Miller, an unconnected individual apparently being charged with attempted lewd or lascivious battery, which Crosby argues presents double jeopardy of an earlier charge dismissed based on entrapment[2].   Doc. 1-1 at 46.   Although Crosby admits that he is not "directly involved" in the criminal case of *State v. Miller*, he argues that he has an "overwhelming interest in it" because he "helped Miller's defense attorney obtain an order granting a motion to

---

[2] Miller was previously prosecuted in state court for unlawful travel to meet a minor and computer solicitation of a child.   Case No. 13-153CFA.   Doc. 1-1.

dismiss pursuant to due process entrapment" and he is now trying to resurrect the claims set forth in his own habeas petition[3] already closed in the Tampa Division, *James B. Crosby v. Pamela Jo Bondi,* on January 23, 2015.   Case No. 8:14-cv-1654-T-33AEP (Doc. 49).   District Judge Covington denied Crosby's habeas petition as untimely; the Eleventh Circuit denied Crosby's motion for a certificate of appealability on June 25, 2015, and the United States Supreme Court denied Crosby's petition for writ of certiorari on January 13, 2016.   Case No. 8:14-cv-1654-T-33AEP (*see* Docs. 62, 64).   Approximately one month later, Crosby filed this "Emergency Petition" and Motion to Proceed *in forma pauperis* in the instant case.   Doc. 1.

Crosby–denying that his previous habeas petition has been fully resolved—argues that his habeas corpus petition is "still legally pending" and "res judicata has not attached because the district court failed to reach the merits of the claims to evade review of the issues resolved in Miller's favor among other claims."   Doc. 1 ¶ 7.   Crosby also contends that the "prosecution of David Matthew Miller is unconstitutional because the investigation and arrest of Miller were illegal."   Doc. 1.

As an initial matter, Crosby lacks standing to enjoin the state criminal prosecution of another individual even if he believes it to be "unconstitutional" or "illegal."   The Constitution limits the judicial power of the federal courts to adjudications of actual "cases" and "controversies."   *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60, 112 S.Ct. 2130, 2135–36, 119 L.Ed.2d 351 (1992).   In order to satisfy the requirements for standing under Article III of the Constitution, a plaintiff must show: (1) injury-in-fact; (2) a causal connection between the asserted injury and the defendant's activities; and (3) that the injury would be redressed by a favorable decision.   *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013).   Crosby's contention that the outcome

---

[3] On January 4, 2010, Crosby entered a guilty plea to one count of use of a computer to seduce a child, a third-degree felony, punishable by a maximum of five years imprisonment.   Under the terms of the plea agreement, the State agreed to a sentence of two years of community control to be followed by three years of sex offender probation.   *Crosby v. Pamela Jo Bondi,* Case No. 8:14-cv-1654-T-33AEP (Doc. 49).

in Miller's criminal case would somehow impact his own unrelated case is too speculative or conjectural to satisfy the injury-in-fact prong. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1265–66 (11th Cir. 2003).[4]

Moreover, Crosby cannot proceed under the Anti-Injunction Act because, even if he could show injury in fact, his case does meet one of the exceptions. Under the Anti–Injunction Act, a district court may not enjoin state proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. In his Emergency Petition for Immediate Permanent Injunction, Crosby seeks to proceed under the Anti-Injunction Act, 28 U.S.C. 2283. He argues that law enforcement officials are violating federal laws and the Constitution "to set men up as Internet child predators for money as the Internet child predator is a myth . . . begging random men on adult sites to break the law." Doc. 1 at 8.

Crosby argues that the first exception– "authorized by an Act of Congress" applies; however, he does not point to a statute which expressly authorizes an injunction of state criminal proceedings. *Cf.* 28 U.S.C. § 2361 (Interpleader Act); 28 U.S.C. § 1446 (removal). Instead, Crosby argues "the Act of Congress" authorizing an injunction against the Florida Attorney General *et al.* should be read into 42 U.S.C. § 17614, which is part of the statute establishing the guidelines for the United States Attorney General to create and implement a National Strategy for Child Exploitation Prevention and Interdiction and a National Internet Crimes Against Children Task Force Program. 42 U.S.C. §§ 17611-12. Crosby argues:

> The illegal prosecution of Miller is threatening [Crosby's] case of a constitutional magnitude as Defendants are engaged in due process entrapment and refuse to grant him the relief he is entitled to for the same matters of federal law resolved in Miller's favor and is why they are illegally prosecuting him. Moreover, Defendants appear to

---

[4] A dismissal for lack of standing is not on the merits and must be made without prejudice. *See Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1235 (11th Cir. 2008).

be trying to illegally abolish their federal mandate under an Act of Congress requiring them to follow federal laws and the Constitution when performing undercover operations by trying to illegally nullify the final order exposing the federal law violations in *State v. Miller*, Seminole County Case Nos. 13-153CFA so they can continue to violate federal laws in false pursuit of the same Act of Congress.

Defendants continually violate federal laws and the Constitution to set men up as Internet child predators for money as the Internet child predator is a myth they created by engaging in illegal and random virtue testing, begging random men on adult sites to break the law. See Appendix C, arrest statistics for Internet crimes proving the government is creating the crimes. Defendants have already been reprimanded by this Court before for engaging in egregious conduct by manufacturing crimes that do not exist. *See Shelton v. Sec'y, Dep 't of Corr.,* 802 F.Supp.2d 1289 (M.D. Fla. 2011) ("Florida's Legislative Scheme ... Actus nonfacit reum nisi mens sit rea - except in Florida.")[5].
* * *

Defendants have misled the public and courts into believing they are protecting children so they can make money and David Matthew Miller is being illegally prosecuted to hide it from the Department of Justice to continue to receive illegally gained grant money as a pattern and practice of abuse has been proven from the very first sting. See Hitler, Adolf, and Ralph Manheim. *Mein Kampf.* Boston, Houghton Mifllin Company, 1943.

Doc. 1 at 8.  Crosby alleges that § 17614's requirement for each state and local task force to "comply with operational and investigative standards" of undercover operations warrants this Court's intervention to stay the proceedings in the *Miller* criminal prosecution in state court.  Doc. 1 at 3.  Section 17614 does not contain an express or implied basis for an injunction of the state court proceedings and does not present an exception to the Anti-Injunction Act.

To the contrary, the doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), severely limits the authority of a federal court to enjoin pending state criminal proceedings.  *See, e.g.*, *Spencer v. Olin*, 616 Fed. App'x 401, 402 (11th Cir. 2015) (affirming district court's dismissal of pro se prisoner's attempt to enjoin state criminal proceedings commenced prior to the filing of his federal complaint based on *Younger* and its progeny).  Federal

---

[5] Crosby fails to note that this case has been reversed by *Shelton v. Secretary, Dept. of Corrections*, 691 F.3d 1348 (11th Cir. 2012).

courts must presume that the "pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Trainor v. Hernandez*, 431 U.S. 434, 441, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (internal quotation marks and citation omitted). Absent "extraordinary circumstances," abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). To the extent Miller has or will raise constitutional claims in his ongoing state criminal prosecution which has already commenced, the Court cannot enjoin such a case. Moreover, the individual being prosecuted, Miller, is not the movant here, it is an unconnected individual, Crosby.

The second exception to the Anti-Injunction Act also does not apply. The "necessary in aid of its jurisdiction" exception applies in two narrow circumstances: (1) the federal court gains jurisdiction over the *res* in an *in rem* proceeding before a party brings a subsequent state court action; or (2) the federal court is presented with a similar context, such as the need to protect an earlier injunction. *Burr & Forman v. Blair*, 470 F.3d 1019, 1028–29 (11th Cir. 2006). The second basis applies when the district court must protect a pre-existing federal judgment or injunction. *Id.* at 1029 (noting that this basis typically refers to cases where a court is protecting an earlier federal injunction, such as in school desegregation cases); *Battle v. Liberty Nat'l Life Ins. Co.*, 877 F.2d 877, 881–82 (11th Cir. 1989) (describing the need for an injunction in a complex antitrust action when a state action would destroy many years of litigation in the federal court). Neither situation is present in this case. There is no *in rem* proceeding nor any pre-existing federal judgment or injunction to protect.

The third exception—for the Court "to protect or effectuate its judgments"—also does not apply. This exception, known as the "relitigation exception," is applicable where subsequent state

law claims "would be precluded by the doctrine of *res judicata*." *Burr & Forman*, 470 F.3d at 1029-30.   In addition to the existence of a federal judgment, "the party seeking the injunction must make a strong and unequivocal showing of relitigation." *Delta Air Lines, Inc. v. McCoy Rests., Inc.*, 708 F.2d 582, 586 (11th Cir. 1983) (internal quotation marks omitted).

Crosby argues that this Court should enjoin the state criminal proceeding against Miller because:  "Simply speaking, the final order vacating Miller's indictment will make it easier to convince a court of competent jurisdiction that [Crosby] deserves relief but not if Miller is unconstitutionally convicted anyway regardless of the final order granting him relief.   Miller is being illegally prosecuted by Defendants as retaliation because they know that [Crosby] helped vindicate him and to protect the money."  Doc. 1 at 5.   In other words, Crosby seeks to have this Court enjoin or order the state court to decide Miller's criminal case in a particular way that best suits Crosby, who believes he will be able to use the outcome to re-litigate his own closed habeas corpus petition.   This argument clearly has nothing to do with this Court's preserving its ability to "protect or effectuate its judgment," thus, the third exception also does not apply.  *Cf. New York Life Ins. Co. v. Gillispie*, 203 F.3d 384, 387–88 (5th Cir. 2000) (examining a previous federal court judgment and finding that an injunction could be issued under the re-litigation exception).

It is respectfully **RECOMMENDED** that the Motion to Proceed *In Forma Pauperis* be **DENIED** and the "Emergency Petition" be **DISMISSED** for lack of jurisdiction and lack of standing.[6]

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written

---

[6] Given the Court's recommended denial of an emergency petition to enjoin the state court under the Anti-Injunction Act, the Court need not address Crosby's arguments concerning the impact of the Full Faith and Credit Act.

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 21, 2016.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy