UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES B. CROSBY,

    Plaintiff,

v.                                               Case No: 6:16-cv-277-Orl-40DAB

PAMELA JO BONDI, EUGENE A. FELICIANI, and DEBORAH NELSON,

    Defendants.

## ORDER

This cause comes before the Court on pro se Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2), filed February 18, 2016, along with a host of other motions filed by Plaintiff. On March 21, 2016, Magistrate Judge David A. Baker submitted a report recommending that Plaintiff's Motion to Proceed in Forma Pauperis be denied and that this case be dismissed for lack of subject matter jurisdiction and lack of standing. (Doc. 4). Plaintiff objects to the Magistrate Judge's recommended disposition. (Doc. 10). Upon an independent de novo review of the record, the undersigned agrees with Magistrate Judge Baker and will dismiss this lawsuit.

**I.    BACKGROUND**

Plaintiff, James B. Crosby, is a convicted sex offender[1] who brings this action on behalf of David Matthew Miller, who is currently facing prosecution in state court for attempted lewd or lascivious battery. (Doc. 1-1, p. 46). It is Plaintiff's position that Miller's

---

[1] Plaintiff was previously charged in state court with traveling to meet a minor and computer solicitation of a child. Pursuant to a plea agreement, Plaintiff entered a guilty plea and was convicted only on the computer solicitation charge. *See Crosby v. Bondi*, Case No. 8:14-cv-1654-T-33AEP (Doc. 49).

1

pending charge constitutes double jeopardy because the state court previously dismissed charges against Miller in another case. In that case, Miller was charged with traveling to meet a minor and using a computer to solicit a child for sex, but the state court dismissed the case based on entrapment. (*Id.*). Like the dismissal of these previous charges, Plaintiff contends that Miller's current prosecution is the result of entrapment by law enforcement officers. (Doc. 1, pp. 5–6). Further, Plaintiff believes that Miller's continued prosecution (along with Plaintiff's own prior conviction) are part of a larger conspiracy among state and federal law enforcement agencies "to set men up as Internet child predators for money as the Internet child predator is a myth they [law enforcement] created by engaging in illegal and random virtue testing, begging random men on adult sites to break the law." (*Id.* at p. 4). Plaintiff therefore asks this Court to enjoin the state court prosecution of Miller pursuant to the All Writs Act, 28 U.S.C. § 1651, and the exceptions to the Anti-Injunction Act, 28 U.S.C. § 2283.

Upon review of Plaintiff's complaint[2] in connection with his Motion to Proceed in Forma Pauperis, Magistrate Judge Baker found that this case must be dismissed for two reasons. First, Magistrate Judge Baker determined that Plaintiff does not have standing to bring this lawsuit. (Doc. 4, pp. 3–4). Second, Magistrate Judge Baker concluded that Plaintiff has failed to show that this case meets one of the exceptions provided by the Anti-Injunction Act, therefore precluding the Court from exercising subject matter jurisdiction. (*Id.* at pp. 4–7). Plaintiff objects to both findings.

---

[2] Plaintiff labels his complaint as a "Petition for an Immediate and Permanent Injunction With Proposed Order Attached and Request to Enjoin State Actions." (Doc. 1).

## II.     STANDARD OF REVIEW

A district judge may designate a magistrate judge to hear and determine both dispositive and non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. When a magistrate judge decides a matter that is dispositive in nature, the magistrate judge must issue a report to the district judge specifying the magistrate judge's proposed findings of fact and the recommended disposition. Fed. R. Civ. P. 72(b)(1). Any party who disagrees with the magistrate judge's decision has fourteen days from the date of the decision to seek the district judge's review of the matter by filing objections to those specific portions of the decision disagreed with. Fed. R. Civ. P. 72(b)(2). The district judge must then make a de novo determination of each issue to which objection is made. Fed. R. Civ. P. 72(b)(3). De novo review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district judge may accept, reject, or modify the report, in whole or in part, or may recommit the matter to the magistrate judge with further instructions. Fed. R. Civ. P. 72(b)(3).

## III.    DISCUSSION

It is axiomatic that federal courts are courts of limited jurisdiction and that a court must dismiss a case on its own initiative at any time during the proceedings when it finds that subject matter jurisdiction is lacking. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). The plaintiff's standing to bring the claims he asserts is a fundamental component of a federal court's subject matter jurisdiction. *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013). In order to have standing, the plaintiff must show that (1) he suffered an "injury-in-fact," (2) a causal connection exists between this injury and

the defendant's conduct, and (3) the injury will be redressed by a favorable decision. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013). It is ultimately the plaintiff's burden to prove standing. *Clapper*, 133 S. Ct. at 1146.

Magistrate Judge Baker determined that Plaintiff fails to show that he suffered an injury-in-fact because the outcome of Miller's criminal prosecution will have no impact on Plaintiff. Plaintiff objects to this finding, arguing that he has suffered an injury-in-fact by being subjected to "the same illegal tactics that violate the constitution and federal laws" as Miller. (Doc. 10, p. 1). Plaintiff states that as more individuals like Miller are prosecuted and convicted, "the longer the public is wrongfully led to believe that Miller and everyone else arrested are child predators." (*Id.* at p. 5). Plaintiff therefore seems to conclude that Miller's prosecution only serves to incorrectly validate his own conviction and the convictions of others like him. In this way, Plaintiff sees himself as a vicarious avenger for those who face criminal charges stemming from the sexual exploitation of children. (*See id.* at pp. 5–6).

In cases where the plaintiff seeks injunctive relief, such as this one, the injury-in-fact element of standing demands not just that the plaintiff demonstrate he suffered an injury in the past, but also that he will likely be affected in the future by the conduct he proposes to enjoin. *Houston*, 733 F.3d at 1328. The plaintiff must therefore show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury." *Id.* at 1329 (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)) (emphasis in original). Plaintiff's complaint fails to show that Miller's continued criminal prosecution or potential conviction would affect him in any way. As to Plaintiff's theory that Miller's prosecution somehow validates Plaintiff's prior conviction or the convictions

4

of any other person charged with a child sex crime, Plaintiff's notion is, at best, conjectural or speculative. To the extent Miller's prosecution is "illegal," "unconstitutional," or subject to dismissal based on some defense he may have, these arguments can only be pursued by Miller. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (holding that a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). Magistrate Judge Baker therefore correctly concluded that Plaintiff fails to establish a cognizable injury-in-fact and lacks standing to bring this lawsuit.

Because Plaintiff's lack of standing is reason enough to deny all of the relief he seeks, the Court need not reach Plaintiff's remaining objections or the Magistrate Judge's finding that the Court lacks subject matter jurisdiction under the Anti-Injunction Act.

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objections to the Report and Recommendation (Doc. 10) are **OVERRULED**.

2. Magistrate Judge Baker's March 21, 2016 Report and Recommendation (Doc. 4) is **ADOPTED AND CONFIRMED** and made a part of this Order.

3. Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) is **DENIED**.

4. Plaintiff's complaint (Doc. 1) is **DISMISSED**.

5. Plaintiff's Request for Preliminary Injunction and/or Stay Pending Review (Doc. 9) is **DENIED**.

6. Plaintiff's Motion to Join Indispensable Parties (Doc. 12) is **DENIED**.

7. Plaintiff's Motion Directed to Judge Paul G. Byron to Quash Unconstitutional Orders (Doc. 13) is **DENIED**.

8. Plaintiff's Motion to Judge Paul G. Byron Demanding Recusal of [Magistrate Judge] David A. Baker (Doc. 14) is **DENIED**.

9. Plaintiff's Motion to Judge Paul G. Byron Requesting Court [to] Serve Parties (Doc. 15) is **DENIED**.

10. Plaintiff's Motion to Judge Paul G. Byron Requesting Discovery (Doc. 16) is **DENIED**.

11. Plaintiff's Emergency Motion to Judge Paul G. Byron Requesting Expedition (Doc. 17) is **DENIED**.

12. The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on May 3, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

The Honorable Magistrate Judge
Unrepresented Parties